**In re BESTLINE PRODUCTS SECURITIES AND ANTITRUST LITIGATION.**

**MDL DOCKET 162–Civ–JLK.**

United States District Court,
S. D. Florida,
Miami Division.

July 7, 1976.

Carl H. Hoffman, Miami, Fla., James H. Joseph, Pittsburgh, Pa., for plaintiffs.

Herschel T. Elkins, Deputy Atty. Gen., Los Angeles, Cal., for State of California.

William M. Hoeveler, Robert Paul, Miami, Fla., for defendants, Richard Grillo, Melvin Morgan and Janin, Morgan & Brenner.

J. Russell Pitto, San Jose, Cal., for defendants, Bestline Products, Inc., Bestline Corp., James K. Hisler, Jerry G. Brassfield, Oliver P. Colvin, David Soto, Norman Miller and Richard Dumont.

Marc M. Watson, Miami, Fla., for defendants, Gordon Blaum, Edna Blaum, James Herbert, Marvin Sternberg and George Wunch.

## PRELIMINARY INJUNCTION

JAMES LAWRENCE KING, District Judge.

This matter came before the Court on Plaintiff's First Motion for Temporary Restraining Order dated June 18, 1976. Pursuant to notice supplied to all parties to this action and to the California Attorney General, the New Jersey Attorney General, the Missouri Attorney General, the Ohio Attorney General, the Wisconsin Attorney General, the Pennsylvania Attorney General, the Texas Attorney General, the New York City Department of Consumer Affairs, the Bank of America and the Superior Court of the State of California, County of Los Angeles, this matter was heard before the Court on June 30, 1976.

Having heard and considered the evidence, briefs and oral argument submitted by the parties and the California Attorney General, the Court finds:

## FINDINGS OF FACT

On December 21, 1973, Defendant, Bestline Products, Inc., (Bestline) entered into an "Agreement, Instructions to Compliance Officer and Trust" with the California Attorney General which was incorporated into a "Modified Judgment" entered on December 21, 1973, by the California Superior Court for Los Angeles County in Case No. C 2842. Pursuant to said "Modified Judgment," there was established a restitutionary plan (California Plan) which provided for restitutionary payments to (a) Bestline Distributors in the State of California who became such after January 14, 1971, (b) Bestline Distributors within and without the State of California who are entitled to restitution pursuant to any agreements reached between any other state or political subdivision thereof or any federal department or agency and Bestline, and (c) any other distributor (i) as to whom Bestline approves their claim, or (ii) who has received an arbitration award pursuant to a national plan of arbitration, or (iii) pursuant to judgment. It appears that the great majority of participants in the California Plan became entitled to receive payments thereunder by virtue of options (a) and (b) above. Very few, if any, participants have actually obtained judgment against Bestline on their own behalf. It is noted that under option (c)(i) above all members of the Plaintiff class would have been entitled to participate in the California Plan from its inception had their claims been approved by Bestline. In addition, under option (c)(iii) above, all members of the Plaintiff class are entitled to participate in the California Plan upon entry of judgment on their behalf, without more.

As part of the California Plan there was established a trust wherein Bestline agreed to transfer certain funds to the Bank of America, as trustee, for subsequent distribution to persons who were determined to be entitled to restitutionary payments in accordance with the terms of the "Modified Judgment." At the present time, there are some 7,043 participants in the California Plan who are entitled to such payments.

The "Agreement, Instructions to Compliance Officer and Trust" included a schedule of payments to be made by Bestline into the trust. Pursuant thereto, Bestline is scheduled on or about June 30, 1976, to transfer to the Bank of America for distribution shortly thereafter to participants in the California Plan the sum of $500,000.00, or 50% of the pretax profits of Bestline, whichever is greater.

At the present time, in accordance with the terms of the "Modified Judgment", Bestline has available for transfer to the Bank of America the sum of $500,000.00. In anticipation of receiving this amount on June 30, 1976, the Bank of America has prepared some 7,043 checks in the average amount of $71.00 each for distribution to the participants in the California Plan. In connection with the preparation for such distribution, the Bank of America has incurred expenses in the approximate amount of $15,000.00, including the cost of postage and envelopes addressed to each of the California Plan participants.

The Participants in the California Plan are for the most part persons who would have been entitled to participate in this action as members of the Plaintiff class had they not elected to participate in the California Plan. In fact, it appears that a substantial number of Bestline investors may have been faced with the decision of electing to participate in either this action or the California Plan to the exclusion of the other.

The participants in the California Plan have previously received payments thereunder in partial restitution of the amounts paid by them to Bestline. As of this date, a total of approximately $7,336,000.00 has been so paid. However, no individual participant has been repaid in full nor will any such participant be repaid in full as a result of the payments scheduled to be made from the $500,000.00 presently held by Bestline. For the most part, the participants in the California Plan have received only a small percentage of the total repayment due to them.

On March 19, 1976, this Court determined that Bestline is liable to the Plaintiff class under Section 12(1) of the Securities Act of 1933. Accordingly, the Plaintiff class will be entitled to final judgment against Bestline as soon as the amount of damages is determined. However, such determination will not be accomplished for several months because of the administrative delay necessarily involved therein. It is reasonably anticipated that each member of the Plaintiff Class will be entitled to recover from Bestline a sum in the approximate amount of $3,000.00 or more, which amount is essentially the same as the recovery to which each participant in the California Plan is entitled. It should be emphasized that most if not all of the participants in the California Plan are by definition members of the Plaintiff class.

It appears that approximately 20,000 members of the Plaintiff class may be entitled to recovery in this action under Section 12(1) of the Securities Act of 1933. However, Bestline has made no restitutionary payments of any kind to the members of the Plaintiff class who were not also participants in the California Plan. Moreover, Bestline does not have sufficient assets to satisfy the claims of the entire Plaintiff class, nor, for that matter, does Bestline have sufficient assets to satisfy the remaining claims of the California Plan participants.

## CONCLUSIONS OF LAW

The Court finds that it will be virtually impossible to recoup the $500,000.00 which is scheduled for payment to the Bank of America on June 30, 1976, once this amount has been divided into small payments and distributed to the participants in the California Plan. Accordingly, if the other members of the Plaintiff class are in any way entitled to receive any part of the scheduled $500,000.00 payment, it is clear that the Plaintiff class will suffer irreparable harm once the scheduled payment is made and distributed.

Because this Court has previously determined that Bestline is liable to the Plaintiff

class for full restitution, the members thereof will be entitled to recover an amount equal to their total investment in Bestline. A conservative estimate is that this amount will exceed $60,000,000.00. Therefore, there is no likelihood that the $500,000.00 presently under consideration will even approach the total recovery due to the Plaintiff class. In contrast, it is estimated that the total amount due to the participants in the California Plan is approximately $22,000,000, of which they have previously been repaid approximately $7,336,000.00 pursuant to the terms of the Plan. This Court has not been presented with any facts which would establish that the participants in the California Plan were entitled to a prior equity which would preclude the other members of the Plaintiff class from sharing with them on a pro rata basis in any recovery from Bestline. To the contrary, it would appear that whether any particular Bestline investor was allowed to participate in the California Plan was merely dependent upon his place of residence, the whims of Bestline, or other matters over which the individual investor exercised little if any real control. Under the terms of the "Modified Judgment" it was Bestline alone who had the complete, unilateral and unreviewable power to designate the beneficiaries of the California trust, i. e., the participants in the California Plan. Accordingly, this Court concludes that it would be inequitable to allow the California Plan participants to continue to receive payments from Bestline where the other members of the Plaintiff class were effectively precluded from participating in the California Plan because of matters outside of their control. Moreover, in view of Bestline's overwhelming liability to the Plaintiff class, including the California Plan participants, and Bestline's comparatively weak financial condition, the Court concludes that the sum of $500,000.00 presently held by Bestline should be transferred to the registry of this Court to protect the integrity thereof for the benefit of the Plaintiff class.

It is therefore

ORDERED AND ADJUDGED as follows:

1. Defendants, Bestline Products, Inc. and Bestline Corporation, their officers, agents, servants, employees, attorneys, representatives, affiliates and all persons in active concert or participation with them, are hereby enjoined and restrained, pending further order of this Court, from transferring any funds or other things of value to the Bank of America, the California Restitutionary Trust, or to any other person, firm or corporation, except in the ordinary course of business for value received.

2. Defendant, Bestline Products, Inc., shall forthwith pay into the registry of this Court the sum of $500,000.00 which is presently held by Bestline for the June 30, 1976, payment under the California Plan.

3. Pending further order of this Court, the Clerk of this Court is directed to deposit and hold in interest bearing form any and all funds paid into the registry of this Court pursuant to this order.

4. Within five (5) days from the date of this order, Counsel for Bestline shall prepare a letter explaining to the participants in the California Plan the relevant terms of this order and its effect upon their expected receipt of restitutionary payments. Said letter shall be reviewed and approved by the California Attorney General and lead counsel for the Plaintiff class. After the letter is so approved, counsel for Bestline shall mail a copy thereof to each participant in the California Plan in the envelopes previously prepared by the Bank of America for distribution of the June 30, 1976, payment.

5. The expenses incurred by the Bank of America in preparation for distribution of the June 30, 1976, payment shall be paid by the Clerk of this Court from the funds paid into the registry of this Court pursuant to this order.

6. The funds deposited into the registry of this Court pursuant to this order and the interest received thereon shall constitute security for the payment of such costs and damages as may be incurred or suffered by

any party who is found to have been wrongfully enjoined hereunder.